IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MONTY KOWITZ,**

    **Plaintiff,**                                         Case No. 5:20-cv-00070

v.

**ENVIVA MANAGEMENT
COMPANY, LLC,**

    **Defendant,**
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant **ENVIVA MANAGEMENT COMPANY, LLC**, ("Defendant") pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§ 1441, 1443, 1446, and Rule 7.2, N.D. Fla. Loc. R., hereby files this Notice of Removal of an action pending in the Circuit Court of the Fourteenth Judicial Circuit, in and for Jackson County, Florida, to the United States District Court, Northern District of Florida, Panama City Division, and provides the following statement as grounds for removal:

1.    Enviva Management Company, LLC, is a defendant in a civil action brought against it in the Circuit Court of the Fourteenth Judicial Circuit, in and for Jackson County, Florida, styled *Monty Kowitz v. Enviva Management Company, LLC*, Case No. CA 2019-CA-000606 (Circuit Civil 3-D). [Doc. 1-1 at pgs. 3-9] (Complaint).

2. Pursuant to Rule 7.2(A), N.D. Fla. Loc. R., and 28 U.S.C. §1446(a), a copy of all process, pleadings, orders and other papers or exhibits of every kind then on file in state court is made a part hereof as [Doc. 1-1].

3. To the undersigned's knowledge, no other papers or pleadings have been filed in the Circuit Court other than those included in [Doc. 1-1].

4. In accordance with the requirements of 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is filed within 30 days of Defendant's receipt of the initial pleading through service of the Summons and Complaint. [Doc. 1-2].

5. Venue in this District and Division is proper for purposes of removal under 28 U.S.C. § 1441(a), because this District and Division embrace the place in which the removed action was filed and is pending – Jackson County, Florida.

6. Pursuant to 28 U.S.C. § 1446(d), written and electronic notice of filing this Notice of Removal will be served upon Plaintiff's counsel, Marie A. Mattox. A true copy of this Notice of Removal will also be filed with the Clerk of the Circuit Court of the Fourteenth Judicial Circuit in and for Jackson County, Florida, as required by law.

## Procedural History

7. On or about November 8, 2019, Plaintiff filed a one-count Complaint in the Circuit Court alleging disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). [Doc. 1-1 at pgs. 3-9].

8. The Complaint was served upon Defendant on or about February 7, 2020, and the time for answering or otherwise responding to the Complaint has not yet expired. [Doc. 1-2].

## Diversity Jurisdiction

9. Plaintiff's claim is removable upon the ground of diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), this Court may exercise diversity jurisdiction when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

10. When considering diversity jurisdiction, the Court may consider the entire record before it. *Dynasty Mgmt., LLC v. UMG Recordings, Inc.*, 759 Fed. Appx. 784, 791 (11th Cir. 2018) ("[The district court] has wide-ranging authority to examine the entire record in search of evidence supporting diversity jurisdiction.").

*Plaintiff and Defendant
are Citizens of Different States*

11. Plaintiff is a citizen of the State of Florida. *See* [Doc. 1-1 at pg. 3] ("Plaintiff, MONTY KOWITZ, has been a resident of the State of Florida") and [Doc. 1-3 at ¶¶ 5-7] (Affidavit of LeAnn Hamm).

12. Defendant is a limited liability company organized under the laws of the State of Delaware. [Doc.1-4] (Affidavit of Jason Paral).

13. For purposes of diversity citizenship, Defendant is a citizen of any state where its members are citizens. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

14. Defendant is not a citizen of Florida. Rather, Defendant is a citizen of the State of Delaware by virtue of its two members being citizens of Delaware. Its two members are Enviva Management Holdings, LLC, and Enviva Holdings, LP, both of which are organized under the laws of the State of Delaware. [Doc. 1-4].

*Amount in Controversy Exceeds $75,000*

15. In his Complaint, Plaintiff generally alleges this action exceeds $15,000, exclusive of costs and fees. [Doc. 1-1 at pg. 3].

16. Without pleading any specific amounts, Plaintiff also generally claims as damages "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment for life and other non-pecuniary losses, along with back and front pay, interest on pay, bonuses and other benefits." [*Id.* at pg. 7]. Plaintiff also claims punitive damages and attorneys' fees and costs. [*Id.* at pgs. 7-8].

17. Plaintiff's allegations, when read in conjunction with the demands for relief set forth in the Complaint, clearly establish the amount in controversy in this matter well exceeds $75,000, which Defendant can prove by a preponderance of the evidence. *Rohee v. Garrison Prop. & Cas. Ins. Co.*, 14-CV-81037, 2014 WL

12479276, at *1 (S.D. Fla. Dec. 2, 2014) ("When a plaintiff fails to plead a specific amount of damages, the removing defendant has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

18. Whether the amount in controversy in this case exceeds $75,000 can be demonstrated by presenting additional evidence or it may be "facially apparent" in the pleading. *Avalos v. SDI of Gulf Breeze, Florida P'ship*, 3:10CV453/MCR/EMT, 2010 WL 11565761, at *2 (N.D. Fla. Dec. 15, 2010) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

19. Plaintiff brought this lawsuit under the FCRA, which provides for economic damages including back pay. Section 760.11(5), Florida Statutes. Plaintiff worked as a full-time non-exempt (eligible for overtime) employee. At the time of his dismissal, he earned $20.56/hour. [Doc. 1-3 at ¶ 8]. Based on W-2's issued to Plaintiff, he earned the following amounts in the last two and half years (30 months) of his employment:

| | |
|---|---|
| January to December 2016 (12 months) | $56,757.77 |
| January to December 2017 (12 months) | $52,659.77 |
| January to June 2018 (6 months) | $24,331.46 |
| **TOTAL (30 months)** | **$133,749.00** |

[*Id.* at ¶ 9].

20. Based on the foregoing amounts, Plaintiff earned $133,749.00 in the last 30 months of his employment. Accordingly, his average monthly income amounts to: $133,749.00 / 30 months = **$4,458.30**

21. In calculating economic damages, "back pay, computed up to an anticipated trial date, is an appropriate measure of the amount in controversy for purposes of determining whether subject matter jurisdiction exists." *Cordell v. W.W. Williams Co.*, 16 F. Supp. 3d 1351, 1358 (N.D. Ala. 2014) (relying on *Kok v. Kadant Black Clawson, Inc.*, 274 Fed.Appx. 856 (11th Cir.2008).

22. Conservatively, trial in this matter would take place no sooner than October 2020 (eight months from the filing of this Notice). To the extent Plaintiff prevails at trial, he would be entitled to back from when he was terminated in June 20, 2018, until the trial in this matter in October 20, 2020, which amounts to 2 years and four months (total of 28 months) of back pay, which amounts to **$124,832.40** which is well over the $75,000 jurisdictional requirement.

| | |
|---|---|
| June 21, 2018 – June 20, 2019 (12 months) | $53,499.60 |
| June 21, 2019 – June 20, 2020 (12 months) | $53,499.60 |
| June 21, 2020 – October 20, 2020 (4 months) | $17,833.20 |
| **TOTAL BACK PAY (28 months)** | **$124,832.40** |

23. The amount in controversy in this case further exceeds the $75,000 jurisdictional requirement based on Plaintiff also seeking to recover both compensatory damages and punitive damages. [Doc. 1-1 at pgs. 7-8]. Under the

FCRA, available remedies for a disability discrimination claim include compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries. Section 760.11(5), Florida Statutes. The FCRA also allows the award of punitive damages up to $100,000. *Id.*

24.   To the extent Plaintiff prevails in this lawsuit and a jury awards compensatory and punitive damages sought by Plaintiff, the amount of such an award could either be over $75,000 alone or could bring the amount in controversy in this case well over the $75,000 jurisdictional requirement for diversity. *See Avalos v. SDI of Gulf Breeze, Florida P'ship,* 3:10CV453/MCR/EMT, 2010 WL 11565761, at *2 (N.D. Fla. Dec. 15, 2010) (Court considered compensatory damages and punitive damages in an FCRA discrimination and retaliation lawsuit in holding the award of such damages alone "could exceed" jurisdictional requirement for diversity). *See also id.* at fn. 11 (citing *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir.1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered.")).

WHEREFORE, Defendant respectfully requests that the referenced action now pending against it in the Circuit Court be removed therefrom to this Court.

Respectfully submitted, this 27th day of February 2020.

/s/ *Elmer C. Ignacio*
**ELMER C. IGNACIO**
Florida Bar Number: 537683
eignacio@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of February 2020, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Elmer C. Ignacio*
**ATTORNEY**