# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>JACKSON</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>MONTY KOWITZ</u>
 Plaintiff
         vs.
<u>ENVIVA MANAGEMENT COMPANY LLC</u>
Defendant

---

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

---

Electronically Filed Jackson Case #  19000606CAAXMX 11/08/2019 05:15:12 PM

Exhibit 1

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
       ☒   Monetary;
       ☒   Non-monetary declaratory or injunctive relief;
       ☒   Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

       1

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
       ☐   Yes
       ☒   No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
       ☒   No
       ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
       ☒   Yes
       ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Marie A Mattox          FL Bar No.: 739685
       Attorney or party                                                            (Bar number, if attorney)

       Marie A Mattox          11/08/2019
       (Type or print name)                                       Date

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR JACKSON COUNTY,
FLORIDA

MONTY KOWITZ,

       Plaintiff,

v.

ENVIVA MANAGEMENT COMPANY LLC,

       Defendant.

_____/

CASE NO.: 19-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, MONTY KOWITZ, hereby sues Defendant, ENVIVA MANAGEMENT
COMPANY LLC, and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under Chapter 760, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifteen Thousand
Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, MONTY KOWITZ, has been a resident of
the State of Florida and was employed by Defendant.  Plaintiff is a member of a protected class
because of his actual or perceived disability and/or record of impairment.

4.      At all times pertinent hereto, Defendant, ENVIVA MANAGEMENT COMPANY
LLC, has been organized and existing under the laws of the State of Florida as a Florida not for
profit corporation.  At all times pertinent to this action, Defendant has been an "employer" as that

term is used under the applicable laws identified above.  Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began his employment with Defendant on August 21, 2014 and held the position of Tractor Operator at the time of his wrongful termination on June 20, 2018.

7.      Plaintiff notified Defendant of his disabling condition (diabetes) as soon as he was hired. Defendant was further notified of Plaintiff's second disabling condition (heart issues) when Plaintiff, while employed with Defendant, requested leave in order to have stents inserted into his heart.

8.      During his employment with Defendant, Defendant failed to reasonably accommodate Plaintiff and treated his differently based on his than other employees because of his perceived or actual disability and/or record of impairment.

9.      The mistreatment came at the hands of specifically and without limitation Area Manager Joe Gable.

10.      On June 15, 2018, Plaintiff was called into Defendant's administration building and taken to Human Resources (HR) where he met with regional HR Manager Tanya Burt and Mr.  Gable. Gable stated he had received multiple complaints about Plaintiff's work from day shift and was writing Plaintiff up.

11.     Plaintiff's write up had three (3) allegations: that he was unable to change chipper blades, which Plaintiff was unable to do due to his blood thinner medication and the significant risk of being cut on the sharp blades; that he was incorrectly changing rollers (a task performed about once per year that takes only about ten (10) minutes) however, Defendant had never brought any concerns or complaints about how Plaintiff changed the rollers to Plaintiff's attention at any time prior to this to this during his tenure (while employed with Defendant, Plaintiff was only asked to change about three (3) rollers); and, an allegation for not correctly pulling hoses, a task Plaintiff could only recall performing once. While doing so, Plaintiff had a hypoglycemic attack and needed to sit down to eat candy and raise his blood sugar which he was given permission to do.

12.     Upon Plaintiff asking who complained, Gable informed him he could not provide that information. In his typical work day, Plaintiff only sees day shift workers during his brief lunch period.

13.     During the meeting on June 15, 2018, Plaintiff was asked to provide Defendant with a list of medications and a list of ailments that each medication is for. Plaintiff agreed he would make a doctor's appointment and get the list for HR.

14.     After his write-up, Plaintiff finished his shift and went to see team leader Chris Ammons to ask what he could do about the write-up. Mr. Ammons told Plaintiff he should just be quiet, let it all blow over, and try to stick it out until he retired.

15.     From June 17, 2018 through June 19, 2018, Plaintiff was not scheduled to work.

16.     On June 19, 2018, Plaintiff visited the doctor and was given a new note including Plaintiff's updated restrictions.

3

17.     On June 20, 2018, Plaintiff worked for about an hour and a half but was then asked to leave his tractor.  Defendant sent out a mechanic to run and inspect the tractor.

18.     Plaintiff was then called into an office within Defendant for a meeting with HR Manager Burt, HR Generalist Jamie Smith, and Manager Gable. Plaintiff gave Defendant the physician's note but Gable informed Plaintiff Defendant did not need it, as Plaintiff was being terminated, effective immediately.

19.     The termination notice included contrived reasons that Plaintiff was talking to "another employee" as an act of retaliation against Gable, referring to his conversation with the team-leader about his write-up. In the termination letter, Defendant stated that it employs a strict non-retaliation policy which Gable accused Plaintiff of breaking this policy because of this conversation.

20.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

<u>**COUNT I**</u>
<u>**DISABILITY DISCRIMINATION**</u>

21.     Paragraphs 1 through 22 are realleged and incorporated herein by reference.

22.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

23.     Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability.  During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

24.     Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with

4

Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

25.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

26.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

27.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or his record of having an impairment under Americans with Disabilities Act.

28.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

5

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate;

(g)     award Plaintiff punitive damages against Defendant; and

(h)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 8th day of November 2019.

6

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Filing # 98646068 E-Filed 11/08/2019 06:15:12 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR JACKSON COUNTY, FLORIDA

MONTY KOWITZ,

     Plaintiff,

CASE NO.: 19-CA- 606
FLA BAR NO.: 0739685

v.

ENVIVA MANAGEMENT COMPANY LLC,

     Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**ENVIVA MANAGEMENT COMPANY LLC**
**C/O C T CORPORATION SYSTEM – REGISTERED AGENT**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on November 12 , 2019.



CLERK OF THE CIRCUIT COURT

By: _____

Electronically Filed Jackson Case # 19000606CAAXMX 11/08/2019 05:15:12 PM

**JACKSON COUNTY CLERK OF COURT 11 12 2019 08:21**